UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 NOV -5 PM 4:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

PATRICIA STATON, )
)
    **Plaintiff,** )
)
vs. ) Civil Action No. CV-02-S-3210-NE
)
ADT SECURITY SERVICES, INC., )
*et al.*, )
)
    **Defendants.** )

## MEMORANDUM OPINION

This action is before the court on the motion for summary judgment filed by defendant Protection One Alarm Monitoring, Inc. (doc. no. 22). This court entered a submission order on October 1, 2003, establishing deadlines for plaintiff to submit evidentiary materials and a brief in opposition to the motion. *See* doc. no. 23. Plaintiff has failed to oppose the motion.

It cannot be contended that plaintiff was unaware of her burden under Federal Rule of Civil Procedure 56. Specifically, that burden requires that, when a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure, plaintiff, as the adverse party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548,

2552, 91 L. Ed. 2d 265 (1986) (holding that summary judgment will be granted "after adequate time for discovery . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). "Once the moving party discharges its initial burden of showing that there is an absence of evidence to support the non-moving party's case, the non-moving party must specify facts proving the existence of a genuine issue of material fact for trial confirmed by affidavits, 'depositions, answers to interrogatories, and admissions on file.'" *Comer v. City of Palm Bay*, 256 F.3d 1186, 1192 (11th Cir. 2001) (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (in turn quoting Rule 56(c)) (some quotation marks omitted). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-moving party did not adduce evidence in support of claim, and, failed to "supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Upon review of the pleadings, motion for summary judgment, evidentiary submission, and brief in support thereof, the court concludes that the motion for summary judgment is due to be granted. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this __5th__ day of November, 2003.

_____
United States District Judge