```
                UNITED STATES DISTRICT COURT        FILED
                NORTHERN DISTRICT OF ALABAMA     04 MAR 17 PM 1:31
                    NORTHEASTERN DIVISION
                                                  U.S. DISTRICT COURT
                                                   N.D. OF ALABAMA
PATRICIA STATON,              )
                              )
        Plaintiff,            )
                              )
vs.                           )      Civil Action No. CV-02-S-3210-NE
                              )
ADT SECURITY SERVICES,        )
INC., et al.,                 )                  ENTERED
                              )
        Defendants.           )                  MAR 17 2004

              MEMORANDUM OPINION          UNITED STATES DISTRICT COURT
                                          NORTHERN DISTRICT OF ALABAMA
```

This action is before the court on the motions for summary judgment filed by defendants Central One (doc. no. 26) and ADT Security Services, Inc. ("ADT") (doc. no. 29).[1] Upon review of the file, the court has determined that there is a question of jurisdiction that must be addressed.

Plaintiff, Patricia Staton, commenced this action in the Circuit Court for Madison County, Alabama, on November 25, 2002, asserting state law claims for breach of contract, breach of warranty, negligence, and outrage, based upon the destruction of her home and personal property in a fire. ADT, the only defendant in the state court action, removed the action to this court on December 31, 2002,[2] on the

---

[1] Defendant Protection One Alarm Monitoring, Inc., filed a motion for summary judgment on October 1, 2003. Plaintiff did not oppose the motion, and summary judgment was granted in favor of Protection One Alarm Monitoring, Inc., on November 6, 2003. *See* doc. nos. 23 & 24.

[2] Doc. no. 1 (Notice of removal).



basis of diversity jurisdiction.

The parties submitted a report of their planning meeting on February 24, 2003,[3] and thereafter the court entered a scheduling order on February 25, 2003.[4] The scheduling order provided that no causes of action, defenses, or parties could be added after April 15, 2003.

On April 15, 2003, plaintiff filed a motion to extend the time for adding parties.[5] As grounds for the motion, plaintiff stated that ADT had recently disclosed that it did not acquire plaintiff's monitoring contract until four days following the date the fire occurred that destroyed plaintiff's home; and that further investigation was necessary to determine whether Central One, Protection One, or other parties should be added as defendants to the action. The motion was granted, and the order stated "plaintiff may add new defendants on or before May 16, 2003."[6]

On May 16, 2003, without seeking leave of court as required by Federal Rule of Civil Procedure 15(a),[7] plaintiff "filed" an "amended complaint" adding Valley

---

[3]Doc. no. 4.
[4]Doc. no. 5.
[5]Doc. no. 6.
[6]Doc. no. 7.
[7]Fed. R. Civ. P. 15(a) provides:

**Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it any time within 20 days after it is served.

2

Alarm Company, described in the amended complaint as a "*local* sole proprietorship, partnership, or corporation doing business within the jurisdiction of this court."[8] The amended complaint also added as defendants Protection Now, Protection One Alarm Monitoring, Inc., Protection One Systems, Inc., and Central One, all of which were described as foreign business entities. Because leave to amend the complaint was not sought, the court did not have the opportunity to review the proposed amended complaint at the time of filing. This fact is significant because plaintiff has added an apparently non-diverse defendant — *i.e.*, Valley Alarm Company.

At plaintiff's request, the Clerk of Court served Valley Alarm Company, as well as the other newly added defendants, with a copy of the amended complaint by certified mail, return receipt requested. The receipt relating to Valley Alarm Company was returned to the court by the United States Postal Service on June 5, 2003.[9] The receipt bears an indecipherable signature and printed name, and the handwritten notation "to ZIP 33316." Also, the address typed on the card — *i.e.*,

---

*Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.* A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

*Id.* (emphasis supplied).

[8] Doc. no. 8 (Amended Complaint) ¶ 4 (emphasis supplied).
[9] Doc. no. 15.

8313 Whitesburg Way South, Huntsville, AL 35802 — is marked through. Valley Alarm Company did not answer the amended complaint. ADT, Protection One Alarm Monitoring, Inc.,[10] and Central One filed answers to the amended complaint.[11]

Although none of the parties have addressed the jurisdictional issue presented by the purported addition of a non-diverse defendant, the court has an independent obligation to examine its jurisdiction. Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S. Ct. 2295, 2307, 144 L. Ed. 2d 715 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)); *see also, e.g.*, *Galindo-Del Valle v. Attorney General*, 213 F.3d 594, 598 n.2 (11th Cir. 2000) (observing that federal courts are "obligated to inquire into subject matter jurisdiction sua sponte

---

[10] Protection One Systems, Inc., did not answer the amended complaint.

[11] The envelope addressed to Protection Now was returned to the court with a label affixed by the United States Postal Service bearing the notations "Return to Sender, Protection Now, Moved, Left No Address, Unable to Forward." Doc. no. 14.

4

whenever it may be lacking."), *cert. denied*, 530 U.S. 941, 121 S. Ct. 2590, 150 L. Ed. 2d 749 (2001); *University of South Alabama,* 168 F.3d at 410 ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."). While this is by no means the "earliest possible stage" in the proceedings, the question of the court's jurisdiction must, nonetheless, be resolved.

The Eleventh Circuit addressed a similar problem in *Ingram v. CSX Transportation, Inc.*, 146 F.3d 858 (11th Cir. 1998). There, plaintiff had sought to amend her complaint to add a non-diverse defendant, thereby destroying diversity among the parties. The district court judge nonetheless allowed the amendment, and ultimately granted summary judgment in favor of the defendants. On appeal, and for the first time, the plaintiff challenged federal subject matter jurisdiction. *Id.* at 861. In the course of examining the question of jurisdiction, the *Ingram* Court observed the following:

> Although [plaintiff] styled her motion to add the City [of Albertville, Alabama] as a motion to amend her complaint pursuant to Fed. R. Civ. P. 15(a), this amendment amounted to a joinder, pursuant to Fed. R. Civ. P. 20. We presume that [plaintiff] sought to add the City because her alleged right to relief against it arose out of the same transaction or occurrence as her alleged right to relief against CSX, and because questions of law or fact common to both defendants were likely to arise in the action. *See* Fed. R. Civ. P. 20(a). Thus, in determining whether to grant [plaintiff's] motion, the district court should have considered 28 U.S.C.A. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy

5

> subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.A. § 1447(e) (West 1994).
>
> The district court had no discretion to add the City as a defendant, retain jurisdiction and decide the case on the merits. Indeed, section 1447(e)'s legislative history indicates that Congress rejected a proposal that would have allowed district courts to join certain nondiverse parties and still decide the merits of the dispute. H.R. Rep. No. 889, 100th Cong., 2nd Sess. 72-73 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033-34 (indicating that the proposal was rejected because it "would [have] provide[d] a small enlargement of diversity jurisdiction"); *see also* David D. Siegel, *Commentary on 1988 Revision of Section 1447*, in 28 U.S.C.A. § 1447 (West 1994). Because section 1447(e) was applicable here, the district court was left with only two options: (1) deny joinder; or (2) permit joinder and remand [plaintiff's] case to Alabama circuit court.

*Id.* at 862 (footnote omitted).

Another judge of this court, Karon O. Bowdre, also faced a similar scenario in *Smith v. White Consolidated Industries, Inc.*, 229 F. Supp. 2d 1275 (N.D. Ala. 2002). Judge Bowdre allowed an amendment to the complaint that added a non-diverse defendant, and plaintiff subsequently filed a motion to remand. Relying on *Ingram*, the court concluded that it was permissible to "reconsider its allowance of the non-diverse defendant by amendment." *Smith*, 229 F. Supp. 2d at 1278. Observing that Federal Rule of Civil Procedure 21 permits a court to drop or add a party upon motion or *sua sponte* at any stage of proceedings, the court then turned to an evaluation of whether, under Federal Rule of Civil Procedure 19, the non-diverse party was

6

indispensable for just adjudication of plaintiff's claims. *Id.* at 1279. Finding otherwise, the court considered whether, on reconsideration, joinder of the non-diverse party should be permitted.[12] Ultimately, the court concluded that the non-diverse party should be dismissed, and the plaintiff's motion to remand was denied. *Id.* at 1282-83.

Likewise, this court will consider whether Valley Alarm Company is an indispensable party, and whether, under 28 U.S.C. § 1447(e), joinder of Valley Alarm Company should be allowed. The parties will be provided an opportunity to brief the issues; and when doing so, they should address, in particular, the following factors: the extent to which the purpose of the amendment is to defeat federal jurisdiction; whether the plaintiff was dilatory in asking for the amendment; whether the plaintiff will be significantly injured if the amendment is not allowed; and any other factors bearing on the equities. *See Smith*, 229 F. Supp. 2d at 1279 (citing *Sexton v. G & K Services, Inc.*, 51 F. Supp. 2d 1311, 1312 (M.D. Ala. 1999), in turn citing *Hensgens v. Deere & Co.*, 833 F.3d 1179, 1182 (5th Cir. 1987)).

A separate order consistent with this memorandum opinion will be entered

---

[12] The court cited *Le Duc v. Bujake*, 777 F. Supp. 10 (E.D. Mo. 1991), which held that where "the record indicates that the problem of the addition of the nondiverse defendant was not brought to the attention of the court or recognized by the parties, the filing of the amended complaint should be considered a nullity and the court given an opportunity to consider whether justice requires that [the plaintiff] be permitted to join [the nondiverse party] as a defendant." *Id.* at 11 (citing *Hensgens v. Deere & Co.*, 833 F.3d 1179, 1182 (5th Cir. 1987)).

contemporaneously herewith.[13]

DONE this __17th__ day of March, 2004.

_____
United States District Judge

---

[13]Following resolution of the jurisdictional issues, the court will enter a submission order for the motions for summary judgment filed by defendants Central One and ADT Security Services, Inc., if appropriate.

8